```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
GREAT AMERICAN E&S INSURANCE COMPANY,    :
                                         :
                          Plaintiff,     :     20cv47 (DLC)
               -v-                       :
                                         :     OPINION AND ORDER
BRANDSTORM, INC.,                        :
                                         :
                          Defendant.     :
                                         :
----------------------------------------X
```

APPEARANCES

For the plaintiff:
Joseph F. Bermudez
Stewart Smith Law
1177 Avenue of the Americas, 5th Floor
New York, NY 10036

For the defendant:
Lee H. Roistacher
Daley & Heft, LLP
462 Stevens Avenue, Suite 201
Solana Beach, CA 92075

DENISE COTE, District Judge:

Plaintiff Great American E&S Insurance Company ("Great American") seeks a declaratory judgment that two policies it issued Brandstorm, Inc. ("Brandstorm"), a California company, do not cover Brandstorm's losses on three shipments of seeds to Canada. Defendant Brandstorm's motion to dismiss for lack of personal jurisdiction is granted.

## Background

The following facts are drawn from the Complaint and the parties' submissions in connection with this motion. Great

American is a Delaware corporation with its principal place of business in Ohio.  Brandstorm is a California corporation with a principal place of business in Van Nuys, California.  Brandstorm sells packaged salts, freeze-dried fruits, and "superfoods."

Brandstorm obtained two insurance policies from Great American that are at issue in this action: one in effect from October 26, 2017 to October 26, 2018 (the "2017 Policy") and the other in effect from October 26, 2018 to October 26, 2019 (the "2018 Policy") (collectively, the "Policies").  Brandstorm purchased the Policies through a California insurance agency, and they were delivered to Brandstorm in California.

The Policies define an "Insured Event" to include:

1. ACCIDENTAL CONTAMINATION:

Any accidental or unintentional contamination, adulteration, or mislabeling of an INSURED PRODUCT(S) that

   a. occurs during or as a result of the production, preparation, processing, manufacturing, packaging, or distribution of the INSURED PRODUCT(S). . . .

Certain occurrences, however, were excluded under the Policies.  As is relevant to this litigation, the Policies did not cover the following:

An INSURED EVENT or any circumstance that could give rise to an INSURED EVENT that is discovered, known by or should reasonably have been known by the INSURED prior to the inception of the Policy Period.

The Policies also contained a notice-of-loss provision, with which Brandstorm was required to comply to obtain

2

reimbursement for a loss.  The notice-of-loss provision states, in pertinent part:

1. As soon as practicable but <u>no later than 72 hours</u> after discovering circumstances that would result in an INSURED EVENT, the INSURED must contact the CRISIS CONSULTANT, using the 24-hour hotline described in the policy.

2. As soon as practicable but <u>no later than 30 days</u> after discovering circumstances that would result in an INSURED EVENT, the INSURED must notify us in writing. Such notice should include:

    a. how, when and where the circumstance or INSURED EVENT was discovered;

    b. the names and addresses of any parties involved; and

    c. the nature, location and circumstances of the INSURED EVENT.

(Emphasis supplied.)

Lastly, both Policies included a choice-of-law provision. That provision stated that "[a]ll matters arising hereunder, including questions related to the validity, interpretation, performance and enforcement of this Policy, shall be determined in accordance with the law and practice of the State of New York."

In March 2018, Brandstorm ordered two shipments of hulled hemp seeds to be sent from a supplier to a third-party co-packer in Nevada for steam sterilization processing ("SSP").  After undergoing SSP, the seeds were shipped to Brandstorm's Canadian customer, Golden Boy Ltd. ("GBL"), which received the first two shipments at its warehouse in Burnaby, BC, Canada on May 25,

2018.  GBL and its customer Whole Foods Market ("Whole Foods") rejected the seeds shortly after receiving the two shipments.

On June 24, GBL complained to Brandstorm that the seed shipments were contaminated.  On June 26, Brandstorm confirmed that the seeds "had a burnt color, gave an off-odor, were clumping together, and were contaminated by mold."  On July 26, GBL informed Brandstorm that a third shipment of SSP-processed hemp seeds were delivered with the same contamination issues.

On January 9, 2019, Brandstorm tendered notice of a claim under the 2017 Policy to recoup its losses on the seed shipments.  Great American denied the claim on February 4, stating that neither the 2017 nor the 2018 Policy covered Brandstorm's losses.[1]  On July 31, 2019, Brandstorm requested that Great American re-open the claim file and accept coverage.  On January 3, 2020, Great American again denied coverage.

Great American filed this action on January 3, 2020, seeking a declaration that Brandstorm was not entitled to coverage under the Policies.  The 2017 Policy was inapplicable, Great American asserted, because Brandstorm did not notify Great American of the June 2018 claim for loss until January 2019.

---

[1] On June 10, 2019, Brandstorm filed an action in the United States District Court for the Northern District of Nevada against the processors of the seeds seeking damages of $638,797.09 in damages.  As of the date of this Opinion, that action is stayed.

Great American alleged that because the loss on the seeds occurred in June 2018, prior to the commencement of the 2018 Policy, coverage was unavailable under that policy.

Brandstorm filed this motion to dismiss for lack of jurisdiction on April 23, 2020.  The motion became fully submitted on May 28.

## Discussion

To survive a motion to dismiss for lack of personal jurisdiction, "a plaintiff must make a prima facie showing that jurisdiction exists.  A plaintiff must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." SPV Osus Ltd. v. UBS AG, 882 F.3d 333, 342 (2d Cir. 2018) (citation omitted).  Courts making this inquiry "constru[e] all pleadings and affidavits in the light most favorable to the plaintiff and resolv[e] all doubts in the plaintiff's favor." SPV Osus Ltd., 882 F.3d at 342 (citation omitted).  A court resolving a Rule 12(b)(2) motion is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185 (2d Cir. 1998) (citation omitted).

To determine whether it has personal jurisdiction over a defendant, a federal court must first look to the long-arm

statute of the state in which it sits -- here, New York. Friedman v. Bloomberg L.P., 884 F.3d 83, 90 (2d Cir. 2017) (citation omitted); see also Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007). If the exercise of jurisdiction is proper under the statute, the court must then determine whether the exercise of jurisdiction comports with the Fourteenth Amendment's Due Process Clause. Friedman, 884 F.3d at 90-91 (citation omitted).

Great American asserts jurisdiction over Brandstorm pursuant to § 302(a)(1) of the New York C.P.L.R.[2] A defendant may be subject to personal jurisdiction under § 302(a)(1) "if (1) the defendant transacted business within the state; and (2) the claim asserted arises from that business activity." Licci by Licci v. Lebanese Canadian Bank, SAL, 834 F.3d 201, 209 (2d Cir. 2016) (citation omitted). As for the first prong, "[c]ourts look to the totality of the defendant's activities within the forum to determine whether a defendant has transacted business in such a way that it constitutes purposeful activity"

---

[2] In its complaint, Great American alleges that "[j]urisdiction is also proper in the State of New York because Defendant expected or should reasonably have expected its acts to have consequences in New York." That appears to invoke CPLR § 302(a)(3)(ii). Section 302(a)(3)(ii), however, is limited to "tortious acts" that have consequences in New York. Because this is a declaratory judgment action based on a contractual claim, § 302(a)(3)(ii) is inapposite. Great American does not rely on § 302(a)(3)(ii) in opposing this motion to dismiss.

6

in New York. Best Van Lines, Inc., 490 F.3d at 246 (citation omitted). There are several factors a court may consider when inquiring whether a nonresident defendant transacts business in New York, including the existence of a choice-of-law provision. The factors are:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

Sunward Electronics, Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004) (citation omitted). A claim "arises from" the defendant's business activity if the court finds "an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." Best Van Lines, Inc., 490 F.3d at 246 (citation omitted).

Brandstorm's motion to dismiss is granted. Great American has failed to make a prima facie showing that this insurance coverage dispute arises from Brandstorm's conduct in New York.

The insurance policies were entered into by a Delaware corporation with a principal place of business in Ohio and a California corporation. Moreover, those policies were obtained through a California insurance agent and delivered to Brandstorm

7

in California.  Similarly, the underlying factual events occurred out of state.  The shipments of seeds did not involve New York at any stage of their processing or transit.  Brandstorm's co-packer was in Nevada, its customer was Canadian, and the shipment went to Canada.  Great American has not identified a single event related to the shipments that occurred in New York.

Great American argues that Brandstorm is subject to the jurisdiction of New York courts on two grounds.  It argues first that the Policies' choice-of-law provisions demonstrate Brandstorm's consent to this Court's jurisdiction.  A choice-of law-provision, while relevant to a jurisdictional analysis, "does not constitute voluntary submission to personal jurisdiction."  CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 366 (2d Cir. 1986).

Great American next maintains that Brandstorm transacts business in New York because Whole Foods stores in New York stock Brandstorm's products, and because Brandstorm participated in a trade show in Manhattan.  These connections between Brandstorm and New York, however, do not give rise to this lawsuit.  This action is born of a narrow factual scenario -- three shipments of hemp seeds sent in May and June 2018 to Canada, and Great American's obligation to indemnify Brandstorm under the Policies.  As noted above, none of that conduct

8

occurred in or was directed towards New York.  Great American does not argue that the shipments ever made it to New York Whole Foods stores, or even that they were bound for this forum before being rejected.  The fact that Whole Foods stocks Brandstorm's products on its shelves in New York does not show that the insurance dispute over the discrete shipments to Canada has any connection to this jurisdiction.

## Conclusion

Brandstorm's April 23 motion is granted.  The Clerk of Court is directed to close this case.

Dated:   New York, New York
         October 16, 2020

```
                              _____
                                     DENISE COTE
                              United States District Judge
```